IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK STURM, M.D.,

    Plaintiff,

v.   Civil Action Number:

STANDARD INSURANCE COMPANY,
and HERITAGE VALLEY HEALTH SYSTEM
INC. LONG TERM DISABILITY INSURANCE
PLAN,

    Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, Patrick Sturm, by and through his undersigned counsel, Gregory G. Paul, and files the within Complaint, to obtain declaratory relief, and recover disability benefits pursuant to an insurance contract governed by the Employee Retirement Income Security Act (ERISA) for defendants' breach of its obligations to provide coverage under an "any occupation" definition of disability.

## JURISDICTION AND VENUE

1.  This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.  Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and plaintiff resides in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

**PARTIES**

3. Plaintiff, Dr. Patrick Sturm, is an adult individual who resides in Beaver County, Pennsylvania.

4. Defendants are as follows: Standard Insurance Company, 900 SW Fifth Avenue, Portland, Oregon 97204-1235, is an insurance company that issued Group Policy 646892 to Heritage Valley Health System, Inc. and acting as *de facto* plan administrator; Heritage Valley Health System Inc. Long Term Disability Insurance Plan, 420 Rouser Road, Suite 102, Moon Township, PA 15108, is a Plan as defined under ERISA and identified in the Summary Plan Description as a Plan Administrator.

**SUMMARY OF ACTION**

5. Dr. Sturm was employed by Heritage Valley Health System as an Internist Physician until September 14, 2014 when he was no longer able to work due to a combination of medical impairments.

6. Specifically, Dr. Sturm remains unable to work with "reasonable continuity" and without the ability to earn 60% of his pre-disability earnings due to coronary artery disease with history of eight stents, uncontrolled angina, chest pain related multiple broken sternal wires that remain in his chest, severe cervical stenosis and neck pain with two previous operations, persistent radicular symptomology in upper extremities, and degenerative joint and disc disease with lumbar spinal stenosis.

7. The Standard paid long-term disability benefits from December 16, 2014 through December 15, 2016 under the "own occupation" definition of disability finding that Dr. Sturm

was unable to perform with reasonable continuity the material duties of his own occupation as an Internist Physician.

8. After twenty-four months, the long-term disability policy defines "Disability" or "Disabled" to mean "all occupations if, as a result of Physical Disease Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of Any Occupation". The definition of "Any Occupation" means any occupation or employment which you are able to perform based upon education, training or experience and earn at least 60% of pre-disability earnings within twelve months following return to work.

9. Defendant, Standard Insurance Company, approved disability benefits under the "any occupation" definition of disability from December 16, 2016 through January 23, 2017.

10. On or about January 25, 2017, Defendants issued a denial letter determining that "we have found the Other Limited Conditions provision to be applicable in his claim". Additionally, the denial letter stated that "we have not found that he satisfies the Any Occupation Definition of Disability as a result of a condition not subject to limitation".

11. In relevant part, the section of the policy under Disabilities Subject to Limited Pay Periods restricts payment to twenty-four months for diseases and disorders of the cervical, thoracic or lumbosacral back and its surrounding soft tissue unless there is evidence of herniated discs with neurological abnormalities documented by MRI or other testing, scoliosis, radiculopathies documented by electromyogram, spondylolisthesis, grade II or higher and others.

12. Following Dr. Sturm's appeal of the above denial letter including submission of MRI testing and a detailed narrative report from his treating physician, Standard again denied disability benefits in a final letter dated May 18, 2017 concluding the administrative process.

13. Standard relied upon the non-examining paper review of physician consultants despite having the authority under the policy to request an in-person medical evaluation.

14. Defendants' denial was based upon non-examining medical reviews and failed to perform a vocational analysis of his impairments or otherwise consider non-exertional limitations related to both cardiac and neurological impairments.

15. As a result of Defendants' denial of long-term disability benefits, Dr. Sturm has not received the monthly benefits since January 23, 2017 to which he is entitled and continues to suffer financial harm.

16. Furthermore, Standard's denial was infected by conflict of interest including but not limited to the claims processing and payment of claims by the same insurance company and failure to consider the vocational impact of non-exertional limitations.

17. Defendants failed to provide "relevant documents" pursuant to 29 U.S.C. 1332(a)(1)(A) and (c)(1) as requested in writing on June 1, 2017 within thirty days including internal guidelines and protocols used in processing the claim.

## COUNT ONE
### (CLAIM FOR BENEFITS UNDER THE PLAN - 29 USC 1132(a)(1)(B))

18. Paragraphs 1-17 are re-alleged and incorporated by reference as if fully set forth herein.

19. The Plan provides the Plaintiff is entitled to replacement disability income, ("Disability Benefits") based upon his becoming disabled within the meaning of the Plan.

20. Dr. Sturm has established his disability within the meaning of the Plan and is entitled to Disability Benefits because he is "Disabled" to mean "all occupations if, as a result of Physical Disease Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of Any Occupation". The definition of "Any Occupation" means any occupation or employment which you are able to perform based upon education, training or experience and earn at least 60% of pre-disability earnings within twelve months following return to work.

21. On or about January 25, 2017 and May 18, 2017, Defendants issued denial letters under the above policy. Dr. Sturm is entitled to payment of the Disability Benefits under the Plan because his medical conditions meet the definition of "Disability" or "Disabled" because he is unable to work in any occupation with reasonable continuity and earn 60% or more of his pre-disability earnings.

22. Defendants' denial of long-term disability benefits constitutes denial of benefits governed by ERISA and adversely affects his eligibility for continuing long-term disability benefits.

23. Plaintiff has exhausted administrative levels of appeal by the issuance of the final denial letter dated May 18, 2017.

## COUNT TWO
### DUTY TO PROVIDE DOCUMENTS UNDER 29 U.S.C. 1332(a)(1)(A) and (c)(1))

24. The averments set forth in the above paragraphs 1-23 are incorporated by reference.

25. On or about June 1, 2017, plaintiff requested copies of plan documents, summary plan description, complete claims file and medical evidence used to deny the claim, and communications whether by memo, letter or email.

26. Plaintiff received a copy of the policy and claim file. However, plaintiff did not receive certain documents including claim manuals, written protocols, and rules.

27. ERISA requires administrator's to produce information under two different statutory provisions: 29 U.S.C. § 1024 and 29 U.S.C. § 1029.

28. Pursuant to 29 U.S.C. § 1024:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated.**

29 U.S.C. § 1024(b)(4) (Emphasis added)

29. Pursuant to 29 U.S.C. § 1029:

> **(c) Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries**
>
> **The Secretary may prescribe the format and content of** the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and **any other report, statements or documents** (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), **which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.**

29 U.S.C. § 1209(c) (Emphasis added).

30. ERISA's document penalty provisions apply when an administrator fails to provide the plan documents specifically discussed in 29 U.S.C. § 1024(b)(4) <u>and</u> when an

6

administrator withholds other reports, statements or documents that "are required to be furnished or made available to plan participants." 29 U.S.C. § 1209(c).

31.     Under 29 U.S.C. § 1132(c) and 29 U.S.C. § 1209(c), the Secretary of Labor is given authority to establish the format and content of what documents are required to be produced.  Therefore, "Any administrator…who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish…may in the court's discretion be personally liable" for a penalty pursuant to 29 U.S.C. § 1132(c).

32.     Additionally, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title." 29 U.S.C. § 1135.  The Secretary has promulgated 29 C.F.R. § 2560.503-l(h) which requires that a claimant receive a full and fair review of an adverse benefit decision.  Part of a full and fair review requires that a claimant

> shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section

29 C.F.R. § 2560.503-l(h)(2)(iii).

33.     At paragraph (m)(8) the Secretary explains what documents are relevant to the claim and are to be produced under ERISA:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i)     Was relied upon in making the benefit determination;

7

    (ii)    Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

    (iii)    Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

    (iv)    In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-l(m)(8)(i-iv).

34.    Based on this conduct, defendant is in violation of ERISA § 502(a)(1)(A) and (c)(1) by failing to supply information and comply with notice requests.

35.    Defendants failed to comply with plaintiff's request by not providing any documents including "relevant documents" as defined under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated". Furthermore, these documents require disclosure of documents that demonstrate defendants' compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants. Defendants failed to provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits including any definition of "reasonable continuity".

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dr. Sturm, respectfully prays that the Court: (1) declare that the Defendants are obligated to pay Plaintiff his past due Disability Benefits; (2) declare that the

Defendants be assessed and ordered to pay $110 per day for the failure and/or refusal to provide requested Plan documents, schedules and policies pursuant to 29 U.S.C. §1132(c)(1); (3) issue an inunction and declaratory relief that defendants produce all relevant documents under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated" in compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants, identify all of the medical and vocational experts whether relied upon or not, identify the actual reviewer and his or her credentials, provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits; and  (4) award retroactive long-term disability benefits and reinstate future benefits; (5) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (6) award such other further and different relief as may be just and proper.

                                                Respectfully submitted,

                                                MORGAN & PAUL, PLLC

                                                /s/ Gregory G. Paul
                                                GREGORY G. PAUL
                                                PA ID Number:  83334
                                                First and Market Building
                                                100 First Avenue, Suite 1010
                                                Pittsburgh, PA  15222
                                                (412) 259-8375
                                                (888) 822-9421 (facsimile)
                                                gregpaul@morgan-paul.com

                                                Attorney for Plaintiff